Defendant-appellant Melvin Alexander appeals from his conviction and sentence for possession of crack cocaine, following a no contest plea. Alexander contends that the trial court erred when it denied his motion to suppress. We conclude that the officers who conducted the search and seizure had probable cause to do so, and exigent circumstances justified a warrantless search. Accordingly, the judgment of the trial court is Affirmed.
 I
At about 7:20, one August evening in 1997, Dayton Police Officers Roger Kielbaso and Jimmy Howard saw a parked car, and noticed that two people in the front seat were both looking towards the center of the front seat. Alexander, who was in the driver's seat, was making what one officer described as "chopping movements" with his right arm. The officers decided to investigate further. One officer approached the driver's side door, and one approached from the passenger side. Kielbaso described what happened next as follows:
 Q. When you got close enough then on the driver's side, what did you see?
 A. Well, I could see Mr. Alexander. He had a razor blade in his right hand, and he had a baggie of white material that looked like crack cocaine. His hand was actually inside the baggie, and was chopping the bigger pieces into smaller pieces.
Q. Okay. And what was the passenger doing?
A. Mr. Jones, he was standing poised.
Q. Standing?
 A. I'm sorry. Sitting poised as if he was — had his hand out as if he was waiting for a piece of cocaine from Mr. Alexander.
 Q. Did he have anything to put it into if he did receive it?
A. Yes. He had a baggie.
Q. Where was it?
A. Also in his hand.
Q. So, Mr. Jones had the baggie in his hand?
 A. Right. There was two baggies. Mr. Jones had a baggie in, looked like his left hand. He was like poised, with his hands out to Mr. Alexander, as if he was ready to accept one of the smaller cut up pieces, and put it in the baggie, and Mr. Alexander had his hand inside the baggie with the razor blade and was actually chopping the bigger pieces up into smaller pieces.
 Q. In order to see this, did you notify them or ask them to get out or anything in any way before — I mean as you saw the chopping?
 A. No. No. We just approached them quietly. We didn't say anything.
Q. And looked inside?
A. And looked inside.
Q. It was in plain view?
A. It was in plain view, yes.
 Q. So, once you saw this and once you were in position, what happened?
 A. Well, I saw this going on. It was probably all of maybe three seconds worth of chopping and hand out. When they finally did notice us standing at the driver's door, noticed me first standing at the driver's door, and Officer Howard was approaching the passenger side door, when they did, this terrified look came over both of their faces just like a half second. They just stopped and looked up at us, and then Mr. Jones then reached over, grabbed both baggies with his right hand, and then immediately stuffed them up underneath the seat that he was sitting on in the front passenger side.
Q. What did you do then?
 A. I said, sir, I need to talk to you for a second. I opened up the driver's side door. Mr. Howard opened the passenger side. We had them step out of the vehicle. We did a brief pat down for weapons and handcuffed both subjects.
Q. Why?
 A. At that point, we seen what was going on. We knew there was crack cocaine. We knew they were cutting it up. We had at least reasonable suspicion to believe there was definitely a felony crime being committed.
The officers administered a field test upon the suspected cocaine, and it tested positive. Alexander was arrested and charged with possession of crack cocaine. He moved to suppress the evidence, contending that it was obtained as a result of an unlawful search and seizure. Following a hearing, his motion to suppress was overruled. Thereafter, he pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Alexander appeals.
 II
Alexander's sole assignment of error is as follows:
 THE TRIAL COURT ERRED WHEN IT OVERRULED THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PROVING WHY THE ARREST AND SEARCH IN THIS CASE SHOULD FALL WITHIN THE PLAIN VIEW EXCEPTION TO THE WARRANT REQUIREMENT.
In his brief, Alexander characterizes his argument as follows:
 In his argument appellant submits that the government failed to provide sufficient facts at the suppression hearing from which the trial court could reasonably find that the officers had probable cause to open the car doors, seize the appellant, and search the car.
In view of the fact that the officers did not open the car doors, seize Alexander, and search the car until after they had observed Alexander chopping up what appeared to be crack cocaine, and, significantly, after Alexander's unmistakably guilty reaction upon seeing the officers outside the car looking within, we conclude that the officers had ample probable cause to believe that the substance in the car was crack cocaine.
The fact that the suspected crack cocaine was portable, and that Alexander and the crack cocaine were within a car that was presumably operable, constituted exigent circumstances justifying a warrantless search.
Alexander's sole Assignment of Error is overruled.
 III
Alexander's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Cheryl A. Ross John H. Rion Hon. John Petzold